# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0744
Lower Tribunal No. F23-12659
_____

**Brandon Davaria Hudson,**
Appellant,

vs.

**State of Florida**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David Young, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before LOGUE, LINDSEY and GOODEN, JJ.

PER CURIAM.

Appellant Brandon Davaria Hudson challenges his conviction and sentence for armed robbery with a firearm.  We affirm the conviction without discussion.  As to his sentence, Hudson maintains that the order imposing restitution in the amount of $29,000 is not supported by competent evidence.  We agree.

Section 775.089, Florida Statutes, requires a trial court to order restitution to the victim for damages or loss caused by the offense unless there is a clear and compelling reason not to.  § 775.089(1)(a), Fla. Stat. (2023).  In its determination, the trial court "shall consider the amount of the loss sustained." Id. at (6)(a).  The State carries the burden to establish the amount of loss.  Id. at (7)(c).  "Such evidence must be established through more than mere speculation; it must be based on competent evidence." Glaubius v. State, 688 So. 2d 913, 916 (Fla. 1997).

Yet the State did not present any evidence as to the amount of loss at trial or the sentencing hearing.  The victim simply testified that several items were taken from him during the robbery—a Rolex watch, a chain, and his wallet, which contained approximately $500. Because the amount was not supported by competent evidence, we reverse the restitution and remand for a new restitution hearing.

Affirmed in part, reversed in part.